# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

RYAN T. TAULBEE,

      Petitioner,

  v.

RHONDA R. RICHARD, WARDEN,

      Respondent.

CASE NO. 2:16-CV-511
JUDGE ALGENON L. MARBLEY
Magistrate Judge Elizabeth A. Preston Deavers

## OPINION AND ORDER

On May 3, 2017, the Magistrate Judge issued an *Order and Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed, and that Petitioner's *Motion to Compel Discovery and/or Expand the Record* be denied as moot. (ECF No. 19.) Petitioner has filed an *Objection* to the Magistrate Judge's *Order and Report and Recommendation.* (ECF No. 20.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 20) is **OVERRULED.** The *Order and Report and Recommendation* (ECF No. 19) is **ADOPTED** and **AFFIRMED.** The petition for a writ of habeas corpus is **DISMISSED**. Petitioner's *Motion to Compel Discovery and/or Expand the Record* (ECF No. 19) is **DENIED**.

Petitioner challenges his conviction after a jury trial in the Fairfield County Court of Common Pleas on one count of rape, in violation of O.R.C. § 2907.02(A) (2). He asserts that he was denied the effective assistance of appellate counsel (claim one); that he was denied the effective assistance of trial counsel (claims two and three); and that he was denied a fair trial based on cumulative error. The Magistrate Judge recommended dismissal of Petitioner's claims as procedurally defaulted or as failing to provide a basis for federal habeas corpus relief.

Petitioner objects to the Magistrate Judge's recommendation. He maintains that he acted diligently in pursuing relief and indicates that he attempted to comply with the State's procedural rules and filing deadlines. He claims that he could not have raised his claims regarding the denial of the effective assistance of trial counsel at trial or on direct appeal, where he was represented by the same attorney in those proceedings. Additionally, Petitioner argues that his claim of cumulative error warrants relief because it is based on the unconstitutional admission of prejudicial evidence.

However, as discussed by the Magistrate Judge, the United States Court of Appeals for the Sixth Circuit has held that cumulative error claims do not provide a basis for habeas corpus relief. *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006) (citing *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005)). This Court is bound by that ruling. Moreover, Petitioner waived his claim of cumulative error by failing to present such issue to the state appellate court. He waived his claim of the denial of the effective assistance of appellate counsel by failing to file a timely application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). Petitioner's attempt to act diligently or comply with the State's filing deadlines and procedural rules simply does not establish cause for his procedural defaults. Finally, and despite Petitioner's argument to the contrary, where a criminal defendant is represented by the same attorney at trial and on direct appeal, claims of the denial of the effective assistance of trial counsel are properly raised in a petition for post-conviction relief pursuant to O.R.C. § 2953.21. *See Cowans v. Bagley*, 236 F.Supp.2d 841, 855 (S.D. Ohio 2002) (citing *State v. Cole*, 2 Ohio St.3d 112 (1982)). Petitioner waived his claims of the denial of the effective assistance of trial counsel by failing to present such issues to the state courts in such proceeding. Petitioner likewise has failed to establish cause and prejudice for his procedural defaults, and the record does not indicate that he can

establish that he is actually innocent so as to permit a merits review of his procedurally defaulted claims. *Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005).

For these reasons and for the reasons detailed in the Magistrate Judge's *Order and Report and Recommendation,* Petitioner's Objection (ECF No. 20) is **OVERRULED**. The *Order and Report and Recommendation* (ECF No. 19) is **ADOPTED** and **AFFIRMED.** The petition for a writ of habeas corpus is **DISMISSED**. Petitioner's *Motion to Compel Discovery and/or Expand the Record* (ECF No. 19) is **DENIED**.

**IT IS SO ORDERED.**

   s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge